IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KEITH TOWLES, #198708, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CASE NO. 3:12-CV-513-TMH |
| | ) |
| LANETT POLICE DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

In this 42 U.S.C. § 1983 action, Keith Towles ["Towles"], a state inmate, challenges the constitutionality of a criminal charge for first degree receiving stolen property currently pending against him before the state courts of Chambers County, Alabama.  Towles also challenges the state court's revocation of his probation based on this charge.  Towles seeks declaratory relief and monetary damages for the alleged violations of his constitutional rights.

Upon review of the complaint, as amended, the court concludes that this case is subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

**II.  DISCUSSION**

**A.  The Lanett Police Department**

A city police department "is not a legal entity and, therefore, is not subject to suit or liability

---

[1] The court granted Towles leave to proceed *in forma pauperis*.  *Order of June 26, 2012 - Doc. No. 5*.  A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

under section 1983." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that the plaintiff's claims against the Lanett Police Department are due to be dismissed as frivolous pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *Id.*

### B. Challenge to Pending Criminal Charge

Towles challenges the constitutionality of a receiving stolen property charge pending against him before the District Court of Chambers County, Alabama. *Complaint - Doc. No. 1* at 3; *Amendment to Complaint - Doc. No. 13*. Pursuant to a motion filed by Towles, the state court conducted a preliminary hearing in the receiving stolen property case on July 1, 2011. *Plaintiff's Exhibit 1 to the September 10, 2012 Amendment - Doc. No. 13-1* at 1. Based on the evidence presented at the preliminary hearing, the court determined probable cause existed that Towles had committed the charged offense and bound referred the case for presentation to the grand jury. *Id.* Towles complains his receiving stolen property charge has not yet been presented to the grand jury and maintains there is no evidence to support the charge. He seeks dismissal of the charge for receiving stolen property.

Under the decision issued by the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id.* at 43. In this case, Towles has an adequate remedy at law regarding any claims relative to the propriety of the pending criminal charge because he may pursue these claims through the state court system, including the trial court and the state appellate courts, in the on-going state criminal proceedings. *See generally*

*Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Moreover, the plaintiff has not alleged the existence of any special circumstance which creates a threat of irreparable harm. The mere fact Towles must endure state criminal proceedings, which could result in conviction and sentence, fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court is therefore compelled to abstain from considering the merits of Towles' claims which place into question the constitutionality of the criminal charge pending against him before the state courts of Chambers County, Alabama as these claims are not cognizable in a 42 U.S.C. § 1983 action at this time. *Id*. at 43-44. Consequently, dismissal of this case with respect to the challenge to the pending criminal action is appropriate pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

### C.  Challenge to Probation Revocation

At the time of his arrest for receiving stolen property, Towles was serving a term of probation for a separate criminal offense. The trial court revoked Towles' probation due to the circumstances relevant to his arrest for receiving stolen property and implemented the sentence applicable to the underlying conviction. Towles is presently incarcerated pursuant to the revocation of his probation. Towles alleges the state court improperly revoked his probation. The aforementioned claim goes to the fundamental legality of the revocation of Towles' probation and his incarceration based on this revocation. Consequently, the challenge to the revocation of probation provides no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of

habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" the basis for his confinement "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983...." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position previously advanced in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a term of incarceration is a petition for writ of habeas corpus. *Id*. Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649; *see also Castro v. United States*, 540 U.S. 375, 382 (2003) (disfavoring a court's *sua sponte* re-characterization of an action as one seeking post-conviction collateral relief under 28 U.S.C. § 2255).

Towles challenges the constitutionality of his confinement as it relates to the sentence

4

imposed by a state court upon the revocation of his probation. A judgment in favor of Towles on the claim attacking the probation revocation implies the invalidity of his current incarceration. It is clear from the records of this court that the revocation of probation about which the plaintiff complains has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on the revocation of probation by the state court and the constitutionality of his resulting incarceration are clearly prohibited by federal law and subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. at 488-490.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that on or before October 16, 2012 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal the factual findings contained in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 1st day of October, 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE